# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| United States of America<br>v.<br>DAVID NEIL SANTOS<br><br>*Defendant(s)* | ) ) ) ) ) ) )    Case No. **P 10 4844 PWG** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 5, 2010__ in the county of __Baltimore__ in the _____ District of __Maryland__, the defendant(s) violated:

*Code Section*           *Offense Description*
Title 21, United States Code    Possession with intent to distribute 100 grams or more of heroin
Section 841 (a)

This criminal complaint is based on these facts:
     See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Michael J. Romano, TFO DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __12/23/2010 @ 11:45__

_____
*Judge's signature*

City and state: __Baltimore, Maryland__      Paul W. Grimm, U.S. Magistrate Judge
*Printed name and title*

# IN THE UNITED STATES COURT FOR THE
# DISTRICT OF MARYLAND
# NORTHERN DIVISION

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael J. Romano, a Task Force Officer with the Drug Enforcement Administration (DEA), being duly sworn, do state as follows:

1. This affidavit is submitted in support of a criminal complaint charging **David Neil Santos**, with possession with the intent to distribute in excess of 100 grams of heroin, in violation or 21 U.S.C. § 841 (a).

2. I am a Task Force Officer with the Drug Enforcement Administration (DEA). I have been a law enforcement officer with the Baltimore County Police Department since December 1996. Your affiant also states the he is a law enforcement officer of the United States who is empowered by law to conduct investigations of and make arrests for offenses enumerated in Title 21, United States Code, more specifically, the Federal Controlled Substance Act (CSA). I am currently assigned to DEA Group 52 of the Baltimore District Office.

3. During the first week of June 2010, Detective Justin Trojan of the Baltimore City Police Department began a narcotics investigation into a subject he identified as David Neil SANTOS (M/W 11/24/1986). David SANTOS was known to Detective Trojan to be a mid-level narcotics trafficker in the southeast district of Baltimore City. Through his investigation, Detective Trojan conducted surveillance and identified David SANTOS' residence as 3101 Liberty Parkway 2nd Floor, Baltimore, Maryland 21222. Detective Trojan also identified that David SANTOS was utilizing a storage unit located at 6821 Eastern Avenue Unit#2165, Baltimore, Maryland 21224 and his father's residence at 1421 Broening Highway, Baltimore, Maryland 21224 to further his narcotics trafficking.

4. Based on Detective Trojan's investigation, he applied for "No-Knock" search and seizure warrants for the residences of 3101 Liberty Parkway 2nd Floor, Balto, MD 21222, 1421 Broening Highway, Balto, MD 21224, and a search warrant for 6821 Eastern Avenue Unit#2165, Balto, MD 21224. Judge Hueston of the District Court for Baltimore City reviewed the affidavits for the search and seizure warrants for the above listed locations. On August 4, 2010, Judge Hueston signed the search and seizure warrants for the locations of 3101 Liberty Parkway 2nd Floor, Balto, MD 21222, 1421 Broening Highway, Balto, MD 21224, and 6821 Eastern Avenue Unit#2165, Balto, MD 21224

5. On August 05, 2010 at approximately 5:15 a.m., members of the Southeast



District and Baltimore City QRT/Tactical Unit executed the "No-Knock" search and seizure warrant at the residence of 1421 Broening Highway, Balto, MD 21224. Force was used to gain entry into the location. Upon entry into the residence, David Santos (M/W 12/08/1955) was found inside sleeping. Once the location was secured, Mr. Santos was secured in the living room area.

6. At that time, Detective Beal advised Mr. Santos of his rights per Miranda and Mr. Santos advised he understood his rights per Miranda. An orderly search of the residence was conducted at that time. During the course of the search, Mr. Santos advised Detective Beal that "My son David Santos comes in and out of this house and only goes to the basement area." Mr. Santos also advised that his son, David SANTOS, tells him to stay out of the basement while he is in the basement.

7. During the course of the search, the following items were found inside the location:

**BASEMENT**
- Brown paper bag containing plastic mannite bottle with powder residue was found by Detective Angelini
- Four plastic bags containing white powder residue (suspected cocaine) were found by Detective Angelini
- Personal mail in the name of David Santos and Lashonta Smith were found by Detective Angelini

**KITCHEN**
- One green Ziploc baggie containing greenish brown vegetable matter, recognized to be marijuana THC, a schedule I controlled dangerous substance, was found by Officer Arias in a cabinet

8. All of the items recovered from 1421 Broening Highway, Balto, MD 21224 were confiscated and submitted per procedure to the Baltimore City Police Department Chemistry Lab for analysis.

9. On August 05, 2010 at approximately 5:25 a.m., members of the Baltimore County Police Department Tactical Team and Narcotics Unit executed the search and seizure warrant for the address of 3101 Liberty Parkway 2nd Floor, Balto, MD 21222. Officers approached the location, knocked and announced their presence, and upon receiving no response used force to gain entry into the residence. Upon entry into the location, David Neil SANTOS (M/W 11/24/1986) and Lashonta Shanika SMITH (F/B 05/04/1990) were found in the front bedroom.

10. Detective Harlee of the Baltimore County Police Department read a copy of the search and seizure warrant and advised both SANTOS and SMITH of their rights per Miranda. Both subjects advised they understood their rights per Miranda.

SANTOS advised Detective Harlee that he had a large sum of U.S. Currency and an amount of cocaine in the rear bedroom of the apartment. SANTOS then escorted Detective Harlee to the rear bedroom and SANTOS pointed to where a bag of cocaine was located. Detective Harlee recovered a plastic baggie containing an off-white rock like substance. SANTOS advised Detective Harlee that all of the drugs inside the apartment belonged to him. The off-white rock like substance was recognized through Detective Harlee's training, knowledge and experience to be crack cocaine, a schedule II controlled dangerous substance.

11. At that time, the residence was photographed and an orderly search of the residence was conducted. As a result of the search, the following items were recovered as evidence:

### REAR BEDROOM
- Plastic baggie containing an off-white chunk substance was found by Detective Harlee from a shelf in bedroom
- Bag containing empty gel caps were found by Detective Toland on the floor in front of a shelf in bedroom
- U.S. Currency totaling $9,663.00 was found by Detective Toland on floor and a shelf in bedroom
- Six blocks of mannite cognoscenti and one jug of quinine were found by Detective Toland in a bag on floor in bedroom
- Two digital scales were found by Detective Toland on floor of bedroom
- A sifter, spoon containing residue, and bags were found by Detective Toland in a box top on floor in bedroom
- Cell phone was found by Detective Toland in a box top on floor in bedroom
- Residency paperwork for David N. SANTOS was found by Detective Kriete on a shelf in bedroom
- Nine bags containing residue were found by Detective Toland in a bag in crib in bedroom
- Numerous mannite wrappers and numerous empty bags of 1000 gel capsules were found by Detective Toland in crib in bedroom

### FRONT BEDROOM
- Residency paperwork for David N. SANTOS was found by Detective Ruffino on a shelf in bedroom
- Four cell phones were found by Detective Ruffino in bedroom
- Cell phone was found by Detective Freund on a desk in bedroom

### KITCHEN
- Plate containing residue was found by Detective Kilpatrick in a cabinet
- Numerous bags containing brown powder and 449 gel capsules

       containing brown powder were found by Detective Kriete inside a Cheerios box inside the refrigerator

    **BATHROOM**
- Cell phone was found by Detective Toland in sink

12. After Detective Toland had located the bag containing the empty gel capsules from the rear bedroom, SANTOS advised Detective Harlee that he had a bag containing heroin pills inside a Cheerios box in the refrigerator.

13. All of the above listed items were confiscated by the Baltimore County Police Department and submitted per procedure to the Baltimore County Police Department Chemistry Lab and Evidence Unit.

14. On August 6, 2010, Baltimore County Forensic Chemist Rosenkoff analyzed the items recovered from the search warrant that was conducted on August 5, 2010 at 3101 Liberty Parkway 2nd Floor, Balto, MD 21222. The analysis indicated that the bag containing off-white rock substance found in the rear bedroom was cocaine base; a schedule II controlled dangerous substance (Net weight 35.0 grams). The 449 capsules containing brown powder found in the refrigerator were analyzed and found to contain 91.1 grams of heroin, a schedule I controlled dangerous substance. The bags found in the refrigerator were also analyzed and one bag contained 29 grams of heroin, one bag contained 10 grams of heroin, one bag contained 10.4 grams of heroin, one bag contained 18 grams of heroin, one bag contained 33.6 grams of heroin, and one bag contained 34.5 grams of heroin.

15. Based on your Affiant's training, knowledge and experience as a narcotics investigator with both the Baltimore County Police Department and Drug Enforcement Administration that the amount of heroin found inside SANTO'S residence at 3101 Liberty Parkway 2nd Floor, Balto, MD 21222 is in sufficient quantity to indicate possession with the intent to distribute.

16. On August 05, 2010 at approximately 7:30 a.m., members from the Southeast District of Baltimore City responded to the address of 6821 Eastern Avenue Unit#2165 to execute the search and seizure warrant on the storage unit. The pad lock to Unit#2165 was cut to gain entry into the storage unit.

17. Once inside storage Unit#2165, an orderly search of the unit was conducted and the following items were recovered:
- Mossberg 12 gauge shotgun serial#L353843 was found by Detective Angelini in a basket wrapped in children's clothing
- Twenty-five live 12 gauge shotgun rounds was found by Detective Angelini in a basket wrapped in children's clothing
- Taurus .40 caliber handgun serial#SNA36960 with five live rounds was found by Detective Angelini in a basket wrapped in children's clothing



- Raven Arms MP-25 handgun serial#1884558 with three live rounds was found by Detective Angelini in a basket wrapped in children's' clothing
- White digital scale with white powder residue was found by Detective Angelini in a black trash bag
- Black digital scale with white powder residue was found by Detective Angelini in a black trash bag
- Silver metal spoon with white powder residue was found by Detective Angelini in a black trash bag
- Clear plastic bag with white powder residue was found by Detective Angelini in a black trash bag
- District Court of Maryland paperwork in the name of David SANTOS (D.O.B. 11/24/1986) was found by Detective Angelini in a black trash bag
- Mail in the name of Lashonta Smith was found by Detective Angelini in a black trash bag

18. All of the items recovered from storage Unit#2165 were confiscated and submitted per procedure to the Baltimore City Police Department Evidence Control Unit.

Based on the foregoing, there is probable cause to believe the **David Neil Santos**, did possess with intent to distribute over 100 grams of heroin, in violation of 21 U.S.C. § 841(a).

I, Michael J. Romano, affirm under penalties of perjury that the facts and circumstances recounted are true and accurate to the best of my knowledge, information and belief.

Michael J. Romano
Task Force Officer
Drug Enforcement Administration

Signed to and sworn before me this 23 day of December 2010.

Paul W. Grimm
United States Magistrate Judge

5